**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 20-cv-1044-WJM-STV

DANIEL R. GOODWIN,

      Plaintiff,

v.

NATIONAL ELECTRICAL ANNUITY PLAN,
CAROL SMITH CHAMBERS, and
QUINN ELIZABETH GOODWIN,

      Defendants,

and

NATIONAL ELECTRICAL ANNUITY PLAN,

      Crossclaim Plaintiff,

v.

QUINN ELIZABETH GOODWIN,

      Crossclaim Defendant,

and

CAROL SMITH CHAMBERS,

      Counterclaim Plaintiff,

v.

DANIEL R. GOODWIN,

      Counterclaim Defendant.

---

**ORDER SEVERING CLAIMS**

---

This matter is before the Court *sua sponte*.  For the reasons set forth below, the Court severs Plaintiff Daniel R. Goodwin's Claim 2 against Defendant Carol Smith Chambers and Chambers's counterclaims against Plaintiff from the remainder of this case.

## I. BACKGROUND

Plaintiff asserts three claims in this action.  In Claim One, Plaintiff alleges that Defendant National Electrical Annuity Plan ("NEAP") improperly handled his retirement account and seeks the benefits owed to him under his NEAP plan, *i.e.*, the entire balance of his retirement account.  (ECF No. 6 at 6 (alleging that NEAP "releas[ed] Plaintiff['s] pension and annuity funds [without] verifying: Death Certificate of Plaintiff, Notary Signature or any other proof of right to whom they released funds to. . . .").)  In Claim Three, Plaintiff filed a similar claim against Defendant Quinn Elizabeth Goodwin ("Defendant Goodwin") relating to the funds withdrawn from his retirement account.  (*Id.* at 8 (alleging "[f]raudulent misappropriation of funds by power of attorney").)  NEAP subsequently filed a crossclaim against Defendant Goodwin for the amount of the retirement claims.  (ECF No. 43.)  Defendant Goodwin has not appeared in this action.

In Claim Two, Plaintiff seeks to recover funds from Chambers arising from the transfer of his vehicle titles.  (ECF No. 6 at 8.)  In this claim, Plaintiff alleges that Chambers "stole 7 [vehicle] titles from Plaintiff" and subsequently "transported all [of the] vehicles to New Mexico."  (*Id.*)  Chambers has asserted a counterclaim against Plaintiff.  (ECF No. 27.)

On September 30, 2021, the Court issued an order that, *inter alia*, granted Plaintiff's Motion for Summary Judgment on Claim One and denied without prejudice

NEAP's Motion for Default Judgment against Defendant Goodwin.  (ECF Nos. 69, 98, 156.)  The Court further directed the Clerk to enter judgment in favor of Plaintiff and against NEAP as to Plaintiff's Claim One at such time as the Clerk enters final judgment on all claims against all parties in this action.  (ECF No. 156 at 17.)  Thereafter, on October 26, 2021, NEAP filed its Renewed Motions for Judgment Against Cross Claim Defendant Quinn Elizabeth Goodwin Pursuant to FRCP 55 and 56, which remains pending.  (ECF No. 159.)

On November 24, 2021, Plaintiff filed the Motion to Dismiss Claim 3 (ECF No. 164), which United States Magistrate Judge Scott T. Varholak has construed as a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) (ECF No. 166).  As such, Plaintiff's Claim 3 against Defendant Goodwin was dismissed as of the filing of the above-referenced Motion; however, because a dismissal of a complaint as to one defendant does not operate as a dismissal of a crossclaim filed against such defendant by a co-defendant, *see Aetna Ins. Co. v. Newton*, 398 F.2d 729, 734 (3d Cir. 1968), NEAP's crossclaim against Defendant Goodwin remains pending.  (ECF No. 166.)

Accordingly, at this time, the following claims remain pending in this action: (1) Plaintiff's Claim 2 against Chambers, (2) Chambers's counterclaim against Plaintiff, and (3) NEAP's crossclaim against Defendant Goodwin.

## II. ANALYSIS

Federal Rule of Civil Procedure 21, provides that "[o]n motion or on its own, the court may . . . sever any claim against a party."  Where two or more claims "are properly severed under Fed. R. Civ. P. 21, two separate actions result."  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1519 & n.8 (10th Cir. 1991); *see also* 9A Charles

Alan Wright, *et al.*, *Federal Practice & Procedure* § 2387 (3d ed., Apr. 2016 update) ("[S]evered claims become entirely independent actions to be tried, and judgment entered thereon, independently."); Richard D. Freer, 4 *Moore's Federal Practice - Civil* § 21.06 (2016 ed.) ("Severance under Rule 21 results in separate actions."). Rule 21 provides the Court with "considerable discretion" in deciding whether to sever claims or parties. *See Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1371 (10th Cir. 1998) (regarding severance of parties); *Jett v. Phillips & Assocs.*, 439 F.2d 987, 989 (10th Cir. 1971).

It is well established that claims may be severed under Rule 21 "when the claims asserted do not arise out of the same transaction or do not present some common question of law or fact." *Preacher v. Wiley*, 2009 WL 6409350, at *2 (D. Colo. Nov. 20, 2009); *see also Sparks v. Foster*, 2006 WL 446081, at *1 (D. Colo. Feb. 21, 2006) (Rule 21 "authorizes a court . . . to drop parties when the claims asserted . . . do not arise out of the same transaction or occurrence or do not present some common question of law or fact").

In light of the fact that Plaintiff's claims against NEAP and Chambers do not arise from the same transactions and do not present the same questions of law or fact, the Court concludes that severance of the remaining claims in this action is appropriate. As such, pursuant to Rule 21, the Court severs Plaintiff's Claim 2 against Chambers and Chambers's counterclaims against Plaintiff from the remainder of this case; the severed claims will become an independent action. *See Chrysler Credit Corp.*, 928 F.2d at 1519 n.8.

## III. CONCLUSION

Accordingly, for the reasons set forth above, the Court ORDERS as follows:

1.      The claims brought in this case will be SEVERED to create two separate actions;

2.      The Clerk is DIRECTED open a new action, duplicating the docket of this case, to be captioned as follows:

DANIEL R. GOODWIN,

        Plaintiff,

v.

CAROL SMITH CHAMBERS,

        Defendant,

and

CAROL SMITH CHAMBERS,

        Counterclaim Plaintiff,

v.

DANIEL R. GOODWIN,

        Counterclaim Defendant.

3.      The claims related to NEAP's crossclaim against Defendant Goodwin shall remain pending in this case; the Clerk and the respective parties are DIRECTED to caption this action as follows:

DANIEL R. GOODWIN,

        Plaintiff,

v.

NATIONAL ELECTRICAL ANNUITY PLAN,

Defendant,

and

NATIONAL ELECTRICAL ANNUITY PLAN,

Crossclaim Plaintiff,

v.

QUINN ELIZABETH GOODWIN,

Crossclaim Defendant.

4.   Only those parties noted in the case captions listed above shall remain parties in each of the two severed cases.

Dated this 21st day of December, 2021.

BY THE COURT:

William J. Martínez
United States District Judge