IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-1044-WJM-STV

DANIEL R. GOODWIN,

    Plaintiff,

v.

NATIONAL ELECTRICAL ANNUITY PLAN,
QUINN ELIZABETH GOODWIN,

    Defendants.

And

NATIONAL ELECTRICAL ANNUITY PLAN,

    Crossclaim Plaintiff,

v.

QUINN ELIZABETH GOODWIN,

    Crossclaim Defendant.

## ORDER GRANTING CROSSCLAIM PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Crossclaim Plaintiff National Electrical Annuity Plan's ("NEAP") Motion to Set Aside or Reconsider the Order Adopting the April 26, 2022, Recommendation of United States Magistrate Judge and Denying NEAP's Renewed Motions for Judgment ("Motion") (ECF No. 177), which asks this Court to reconsider its June 1, 2022, Order adopting the April 26, 2022, Recommendation of United States Magistrate Judge Scott T. Varholak ("Recommendation") (ECF No. 175). The Court

presumes familiarity with this case and the Court's prior Order.

For the reasons explained below, the Motion is granted.

## I. PROCEDURAL BACKGROUND

To date, Crossclaim Defendant Quinn Elizabeth Goodwin has neither appeared nor participated in this litigation. On February 5, 2021, NEAP moved for default judgment against Goodwin. (ECF No. 68.) On August 26, 2021, Judge Varholak recommended denying NEAP's motion without prejudice (ECF No. 151), and on September 30, 2021, the Court adopted in part and modified in part that recommendation. (ECF No.156.)

On October 26, 2021, NEAP renewed its motion for default judgment against Goodwin, and on April 26, 2022, Judge Varholak recommended denying NEAP's renewed motion. (ECF No. 173.) The Recommendation, noting that this was "NEAP's second unsuccessful attempt to secure default judgment," recommended denying NEAP's renewed motion for default judgment with prejudice. (*Id.* at 10.) Rather than file an objection to the Recommendation, on May 10, 2022, NEAP filed the Notice of Voluntary Dismissal of Crossclaim ("Notice of Dismissal") (ECF No. 174.) Goodwin had filed neither an answer nor a motion for summary judgment. *See* Fed. R. Civ. P. Rule 41(a)(1)(i).

On June 1, 2022, there being no timely objection to the Recommendation, the Court entered an Order adopting the Recommendation in its entirety and denying NEAP's renewed motion with prejudice. (ECF No. 175.)

## II. LEGAL STANDARD

District courts have broad discretion to reconsider their interlocutory rulings

before entry of judgment. *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."). Thus, a court can alter its interlocutory orders even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment brought pursuant to Federal Rule of Civil Procedure 60(b) are not satisfied. *See Laird v. Stilwill*, 982 F. Supp. 1345, 1353–54 (N.D. Iowa 1997).

"Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id*. Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id*.

### III. ANALYSIS

NEAP argues it can be afforded relief from the Court's June 1, 2022, Order under either Rule 54(c) or Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 177 at 4–7.) Whichever rule applies, however, NEAP's entitlement to relief rests upon whether the Notice of Dismissal deprived the Court of jurisdiction prior to entering the June 1, 2022, Order.

NEAP argues that the notice of dismissal under Rule 41(a)(1)(i) is self-executing

and once filed, deprives a court of jurisdiction over the dismissed claims.  (*Id.* at 3 (citing Fed. R. Civ. P. 41(a)(1)(i) and *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003).)  NEAP further argues that "the right to dismiss, and the effective date thereof, is not extinguished by reference to a magistrate [judge], even where the magistrate [judge] has already made a recommendation adverse to the plaintiff."  (*Id.* at 3–4 (citing *Spalsbury v. Sisson*, 250 F. App'x 238, 249 (10th Cir. 2007) and *Foss v. Fed. Intermediate Credit Bank*, 808 F.2d 657 , 658–660 (8th Cir. 1986).)  Therefore, according to NEAP "the Court no longer had jurisdiction over the Crossclaim and no further order with respect thereto should have entered after May 10, 2022."  (*Id.* at 4.)

After considering NEAP's arguments, the Court agrees that the Notice of Dismissal deprived it of jurisdiction over its crossclaim in this action.  In *Janssen*, the United States Court of Appeals for the Tenth Circuit explained that the power to voluntarily dismiss a claim under Rule 41(a)(1)(i) is "a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court."  *Janssen*, 321 F.3d at 1000 (citing *Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001).)  "Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them."  *Id.*  Therefore, the Court did not have jurisdiction over the crossclaim on June 1, 2022, and should not have issued its Order adopting the April 26, 2022, Recommendation.

Given that the Court issued its Order without jurisdiction, the Court is convinced NEAP has "clearly demonstrate[d a] manifest error of law."  *Nat'l Bus. Brokers, Ltd.*, 115 F. Supp. 2d at 1256.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. NEAP'S Motion for Reconsideration (ECF No. 177) is GRANTED;

2. The Court's June 1, 2022 Order (ECF No. 175) is VACATED; and

3. The April 26, 2022 Recommendation of the Magistrate Judge (ECF No. 173) is VACATED as MOOT.

Dated this 23rd day of September, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge